# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TIARA PAYNE and KRISTIN JOURNIGAN, individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

WBY, INC. d/b/a THE FOLLIES,

    Defendant.

Civil Action No.: 1:14-cv-00913-SCJ

## AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiffs Tiara Payne and Kristin Journigan ("Plaintiffs"), by and through their attorneys, Mays & Kerr, LLP and Nichols Kaster, PLLP, on behalf of themselves and the Collective as defined below, bring this Amended Collective Action Complaint against WBY, Inc. d/b/a The Follies ("Follies" or "Defendant"). Plaintiffs allege as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Amended Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because

this action asserts claims arising under federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Defendant Follies is a domestic corporation with its principal place of business located in Atlanta, Georgia. At times relevant to this action, Follies qualifies as Plaintiffs' and the Collective's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

4. Plaintiff Tiara Payne is an adult resident of Harris County, Texas. During relevant times, Plaintiff Payne worked as an entertainer for Follies and qualified as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5. Plaintiff Kristin Journigan is an adult resident of Fulton County, Georgia. During relevant times, Plaintiff Journigan worked as an entertainer for Follies and qualified as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

6. Plaintiffs have consented in writing to assert claims for unpaid minimum wages under the FLSA, 29 U.S.C. § 216(b). (See Compl. Ex. A, ECF

No. 1-1; Consent, ECF No. 3.) Other individuals have already opted-into this action. (Consents, ECF Nos. 7, 9.) As this case proceeds, it is likely that more individuals will sign consent forms and join this action as opt-in Plaintiffs.

## FACTUAL ALLEGATIONS

7. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

8. Plaintiffs and the Collective work(ed) for Defendant as exotic dancers, also referred to as entertainers, during the statutory period.

9. Entertainers are integral to Defendant's business operations.

10. Defendant is a nude, adult entertainment club.

11. Defendant advertises its entertainment, in part, on twitter, magazines, and billboards.

12. Defendant has the occasion to entertain out-of-state customers.

13. Defendant controls its entire club, including providing the stage, furniture, lighting, sanitation, music, and other amenities. These items of furniture and décor together form the aesthetic Defendant desires to maintain, promote, and sell at the club. This furniture and décor are likely manufactured outside of Georgia and/or pass through interstate commerce prior to its arrival at Defendant's establishment.

14. Defendant limits its customer base to adults over the age of twenty-one. Defendant serves domestic and imported alcohol to its customers.

15. Its customers pay an admission for entry. In exchange, entertainers entertain customers at Defendant's direction and control.

16. At relevant times, Defendant exerts control over entertainers, for example, in the following ways:

   a) Hires and fires entertainers;
   b) Requires that entertainers sign in at the beginning of their shifts;
   c) Limits the amount of time the entertainers can spend in the dressing room;
   d) Sets the rates for VIP room usage;
   e) Selects the music to which entertainers dance and establishes a three-dance rotation for stage dancing;
   f) Prohibits entertainers from working if their attire is unacceptable;
   g) Requires entertainers sell promotional drink tickets to customers;
   h) Decides when entertainers may leave the club; and
   i) Requires entertainers get appropriate signatures on their "see ya passes" before they may leave.

17. Defendant communicates many of these and other restrictions to entertainers through posted rules, handouts, and direct communication by management.

18. Defendant enjoys the discretion to create, change, implement, and enforce rules and restrictions for its entertainers as it sees fit.

19. When entertainers violate rules, Defendant has the authority to fine, suspend, or terminate them at its discretion.

20. During the relevant time frame, Defendant fired entertainers who took back their permit from Defendant so that they could work at other clubs.

21. Entertainers work for Defendant as employees in fact. Nevertheless, Defendant considers entertainers to be "independent contractors."

22. Defendant misclassifies entertainers in part in order to avoid paying them a minimum wage as required by law.

23. Indeed, Defendant does not pay entertainers *any* wages or other compensation for the work it suffers or permits them to perform.

24. Defendant instead requires entertainers to pay the club as a precondition to working at the facility.

25. Defendant requires entertainers pay, for example, nightly house fees at the beginning of every shift.

26. If entertainers wish to leave a shift early, Defendant requires the entertainers to pay an additional fee and acquire a pass.

27. If entertainers do not dance on the stage, they must pay the DJ a fee.

28. Defendant requires entertainers to purchase from it drink tickets, which entertainers must in turn sell to customers. If the entertainers are unsuccessful in their attempts to sell these tickets to customers, Defendant does reimburse them for the cost of the tickets.

29. Defendant requires the entertainers to pay Defendant's other employees. Entertainers must tip out the DJ, house mom, bartenders, valets, and security. Entertainers cannot leave at the end of their shift until they distribute all required tip outs.

30. Defendant cannot avail itself of the federal tipped minimum wage rate because Defendant does not provide notice to its employees of its intention to take a tip credit and because Defendant forbids its entertainers from keeping all of their tip money. *See* 29 U.S.C. § 201.

31. Defendant also imposes fines on the entertainers. At relevant times, Defendant has issued fines to entertainers for the following offenses by way of example: spending too much time in the dressing room and for failing to tip Defendant's other employees.

32. Defendant requires entertainers to pay fees, buy drink tickets, tip out other employees, and pay fines regardless of whether or not entertainers earned enough tips from customers to cover these charges.

33. Because Defendant directly controls entertainers, it is aware that entertainers work as employees in fact; yet, Defendant still fails to classify entertainers as employees under federal law.

34. This District has found entertainers who worked under similar circumstances to qualify as "employees" under the FLSA under similar circumstances, see Stevenson v. Great Am. Dream, Inc., No. 1:12-CV-3359, 2013 WL 6880921 (N.D. Ga. Dec. 31, 2013); Clincy v. Galardi S. Enter., Inc., 808 F. Supp. 2d 1326 (N.D. Ga. 2011).

35. Defendant is aware of pending and/or prior litigation against its competitors and has responded, in part, by requiring entertainers sign contracts that identify them as "independent contractors."

36. Defendant's failure to pay entertainers prescribed wages under these circumstances is willful and reckless.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

38. Like Plaintiffs, there are members of this putative Collective who are or were legally employed by Defendant who have also been denied minimum wages. These individuals would benefit from the issuance of court-supervised

notice of this lawsuit and the opportunity to join by filing their written consent. Defendant can readily identify these similarly situated entertainers through its business records.

39. Plaintiffs therefore bring Count One of this Amended Complaint pursuant to the FLSA, 29 U.S.C. § 216(b) as a putative Collective on behalf of themselves and other similarly situated entertainers. Specifically, this putative Collective includes:

> All persons who work(ed) as entertainers for Defendant at any time within three years of the filing of the Complaint.

## COUNT ONE
## MINIMUM WAGE VIOLATION
**Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.**

40. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

41. The FLSA requires covered employers to pay employees no less than $7.25 for each hour worked in a workweek. 29 U.S.C. § 206.

42. The minimum wage requirement must be satisfied "free and clear" of any deductions or "kickbacks." 29 C.F.R. § 531.35 ("For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek

when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.").

43. Defendant is an "enterprise," as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

44. Defendant is an "employer" of Plaintiffs and the Collective, who are "employees in fact," as defined by the FLSA, 29 U.S.C. § 203(d), (e)(1), (g).

45. Defendant failed to pay Plaintiffs and the Collective *any* wages, much less free and clear minimum wages.

46. In failing to provide wages at the minimum rate and in taking monies in the form of fees, fines, drink ticket sales, and tip-outs, Defendant violated the FLSA.

47. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the Collective.

48. Defendant knew Plaintiffs and the Collective worked as employees in fact, and it willfully failed and refused to pay Plaintiffs and the Collective the required minimum wages.

49. Defendant's willful failure and refusal to pay Plaintiffs and the Collective minimum wages for time worked violates the FLSA. 29 U.S.C. § 206.

50. As a result of these unlawful practices, Plaintiffs and the Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid minimum wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and all others similarly situated, pray for judgment against Defendant as follows:

    a. A finding that Plaintiffs and the Collective are similarly situated;

    b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

    c. Authorization for the prompt issuance of notice to all those similarly situated employees, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

    d. Judgment that Plaintiffs and the Collective are non-exempt employees entitled to protection under the FLSA;

    e. Judgment against Defendant for violation of the minimum wage provisions of the FLSA;

    f. Judgment that Defendant acted willfully and without good faith in violating the FLSA;

    g. An award to Plaintiffs and those similarly situated for the amount of unpaid minimum wages owed free and clear, and liquidated damages;

      h.     An award of prejudgment interest to the extent liquidated damages are not awarded;

      i.     An award of reasonable attorneys' fees and costs;

      j.     Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court; and

      k.     For such other relief as the Court may deem just.

Dated:   May 15, 2014            **NICHOLS KASTER, PLLP**

/s/Rebekah L. Bailey
Michele R. Fisher, GA Bar No. 76198
Anna Prakash, MN Bar No. 0351362*
Rebekah L. Bailey, MN Bar No. 0389599*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
bailey@nka.com
*admitted pro hac vice*

**MAYS & KERR, LLC**
Jeff Kerr, GA Bar No. 634260
Craig Nydick, GA Bar No. 760565
235 Peachtree St. NE #202
Atlanta, GA 30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
craig@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## CERTIFICATE OF SERVICE

**Payne v. WBY, Inc., d/b/a The Follies**
**Court File No.: 1:14-cv-00913-SCJ**

    I hereby certify that on May 15, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically email notification to the following attorneys of record:

Bennet D. Alsher
Ford & Harrison LLP
271 17th Street NW, Suite 1900
Atlanta, GA 30363


Dated: May 15, 2014                 /s/ Michele R. Fisher
                                              Michele R. Fisher