# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TIARA PAYNE and KRISTIN JOURNIGAN, individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

WBY, INC. d/b/a THE FOLLIES,

    Defendant.

Case No.: 1:14-cv-00913-SCJ

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

# **TABLE OF CONTENTS**

Introduction .................................................................................................. 1

Background .................................................................................................. 1

Legal Analysis .............................................................................................. 2

    I)    Plaintiff Payne Agrees to Arbitrate her Claims. ............................ 2

    II)   The FAA Requires a Stay, Not Dismissal, of Plaintiff Payne's Claims. ...... 3

    III) The Claims of Plaintiff Journigan and the Putative Collective Should Proceed in Court and are Not Subject to a Collective Action Waiver. ......... 5

    IV) There Is No Reason to Delay Discovery. ....................................... 8

Conclusion ................................................................................................... 9

Certificate of Typeface Compliance ......................................................... 11

## INTRODUCTION

Plaintiffs generally do not oppose Defendant WBY, Inc.'s ("Follies" or "Defendant") motion—Plaintiffs agree to a stay of Plaintiff Tiera Payne's ("Plaintiff Payne") claims and will submit her dispute to arbitration. Plaintiffs, however, oppose Defendant's attempt to use Plaintiff Payne's agreement to arbitrate to subject the other named-Plaintiff, Kristin Journigan ("Plaintiff Journigan") to arbitration. Because named-Plaintiff Journigan is not subject to an arbitration agreement, this action should continue in this court for Plaintiff Journigan and the putative collective class.

## BACKGROUND

Plaintiff Payne filed this putative collective action under the Fair Labor Standards Act ("FLSA") on March 28, 2014 against Defendant for misclassifying entertainers as independent contractors, denying them minimum wages, and requiring them to pay to work. (Compl., ECF No. 1.) Since then, three persons have joined this action as opt-in Plaintiffs. (ECF Nos. 3, 7, 9.)

In lieu of answering, Defendant filed a motion to compel arbitration, (ECF No. 10). Defendant produced an arbitration agreement signed by Plaintiff Payne but did not provide any such agreements for the other three opt-in Plaintiffs. (Shine Decl. ¶¶ 3–4, Ex. 1, ECF No. 10-2.)

Plaintiff Payne informed Defendant that she does not oppose staying her claims and pursuing them in arbitration.[1] (Ex. A[2].) Plaintiff's counsel proposed a process by which the parties should proceed with the claims of others who join(ed) the action depending on whether they signed arbitration agreements or not. (*Id.*; Ex. B.) Defendant rejected the proposal but did not present an alternative. (Bailey Decl. ¶ 4.)

On May 15, 2014, Plaintiff Payne amended her complaint to add Plaintiff Journigan as a named Plaintiff. (ECF No. 14.) Plaintiff Journigan is one of the three opt-in Plaintiffs and is not subject to an arbitration agreement. (Ex. A.)

## LEGAL ANALYSIS

In its motion, Defendant asks for four forms of relief: that the Court (1) compel arbitration; (2) stay or dismiss the action pending arbitration; (3) strike the class allegations; and (4) stay discovery until the motion is ruled upon. Plaintiff responds to each of these requests in kind.

I)   **PLAINTIFF PAYNE AGREES TO ARBITRATE HER CLAIMS.**

As Plaintiff Payne informed Defendant, she consents to arbitrate her individual dispute. Accordingly, she submitted an arbitration demand to the

---

[1] In consenting to arbitrate her claims, Plaintiff Payne does not waive her right to challenge in arbitration any provisions within the agreement itself.
[2] Exhibits are attached hereto to the declaration of Rebekah L. Bailey.

American Arbitration Association today.  (Bailey Decl. ¶ 6.)  Defendant's motion as it relates to this request is moot.[3]

## II) THE FAA REQUIRES A STAY, NOT DISMISSAL, OF PLAINTIFF PAYNE'S CLAIMS.

Defendant asks the Court to "stay *or* dismiss" the case pending arbitration. (Def.'s Arb. Mem. 1, 8, 14, ECF No. 10-1 (emphasis added).)  A stay—rather than dismissal—of Plaintiff Payne's individual claims is, however, the appropriate course of action.

The plain language of the Federal Arbitration Act ("FAA") directs courts to stay actions pending arbitration.  9 U.S.C. § 3 ("[T]he court . . . shall on application of one of the parties *stay* the trial of the action until such arbitration has been had." (emphasis added)).  The Act does not provide for dismissal.  *Id.* The "vast majority of district courts in the Eleventh Circuit" follow this clear directive and "stay arbitrable claims pending arbitration."  *Pilitz v. Bluegreen Corp.*, No. 6:11-CV-388-ORL-19, 2011 WL 3359641, at *7 (M.D. Fla. Aug. 4,

---

[3] In the body of its brief, Defendant argues that arbitration is proper as to Plaintiff Payne specifically.  Yet, in its conclusion, Defendant also requests the Court "enforce the Policy as written and compel Payne *and any putative class members* to arbitrate their claims against Defendant."  (Defs.' Arb. Mem. 12, ECF No. 10-1.)  Defendant, however, did not produce signed arbitration agreements for Plaintiff Journigan or the opt-in Plaintiffs.  Defendant has not produced any evidence that these Plaintiffs or any putative collective members received or consented to the agreement.  Defendant "bears the burden of establishing the existence of . . . an agreement to arbitrate."  *Finne v. Dain Bosworth Inc.*, 648 F. Supp. 337, 343 (D. Minn. 1986) (citing *McMahon v. Shearson/Am. Express, Inc.*, 618 F. Supp. 384, 386 (S.D.N.Y. 1985)).

2011) (citations omitted); *see also Campbell v. Pilot Catastrophe Servs., Inc.*, No. 2010 WL 3306935, at *7 (S.D. Ala. Aug. 19, 2010) ("[T]he proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright" (quoting *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008))).[4]

This Court should follow the majority in this circuit and stay, rather than dismiss, Plaintiff Payne's claims. A stay allows the Court to retain jurisdiction over her claims, which will be necessary, for example, in the context of potential settlement. As explained by the Eleventh Circuit, settlements under the FLSA must be approved by either a court of law or the Department of Labor in order to be enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First,

---

[4] Defendant cites distinguishable case law in support of dismissal. First, the issue of whether to stay or dismiss the claims was not at issue in *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11 Cir. 2005), or *Jackson v. Cintas Corp.*, No. 1:03-CV-3104, 2004 WL 5545444 (N.D. Ga. Sept. 19, 2004) which both addressed arbitrability without discussing whether a dismissal or stay was appropriate. Nor was it an issue in *Employers. Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 n.6 (11th Cir. 2001), which addressed whether the dismissal was a "final determination" for appeal purposes and specifically noted that "the district court could have, but did not, stay the case." Furthermore, the Court should disregard Defendant's citation of *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), because it conflicts with the Eleventh Circuit's "preference that district courts stay arbitrable claims rather than dismiss them." *Pilitz*, 2011 WL 3359641, at *7 (disregarding *Alford* and citing *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992)).

> under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn's Food Stores, Inc. v. DOL*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *see also Powell v. Carey Int'l, Inc.*, 558 F. Supp. 2d 1265, 1269 (S.D. Fla. 2008) (retaining "jurisdiction to approve and enforce any settlement of all claims, including attorneys' fees and costs, as well as any arbitral award, consistent with the requirements of *Lynn's Food Stores, Inc.*" in an FLSA case). This necessary judicial oversight makes a stay rather than a dismissal more appropriate in this FLSA case.

Consistent with the FAA and case law, the Court should stay the claims of Plaintiff Payne pending arbitration.

**III) THE CLAIMS OF PLAINTIFF JOURNIGAN AND THE PUTATIVE COLLECTIVE SHOULD PROCEED IN COURT AND ARE NOT SUBJECT TO A COLLECTIVE ACTION WAIVER.**

Staying Plaintiff Payne's claims pending arbitration does not impact the remaining Plaintiffs' claims. Individuals not subject to arbitration agreements must be permitted to proceed with their claims in court and seek certification of the case as a collective action. *See Klay v. All Defs.*, 389 F.3d 1191, 1204 (11th

Cir. 2004) (citations omitted) ("In this instance, courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation.").

Defendant's argument for striking the collective action allegations in this court action fails.  It cites the arbitration agreement's prohibition on class arbitration as authority for its request, which reads:

> [T]he arbitrator has no authority to and shall not consolidate claims of different employees into one proceeding, nor shall the arbitrator have the power to hear an arbitration as a class or collective action . . . and you shall not be allowed to submit your claim(s) against Follies to arbitration as a representative of or participant in a class or collective action.

(Policy ¶ 3, Ex. 1, ECF No. 10-2.)  Unfortunately for Defendant, this provision does not apply to those who never agreed to it.[5]

Irrespective of Plaintiff Payne's agreement, the remaining Plaintiffs maintain their statutory right to proceed with their FLSA claims collectively in court.  *See* 29 U.S.C. § 216(b) ("An action to recover the liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").  The mere possibility that some putative collective members may also have signed arbitration agreements is not grounds for striking Plaintiff Journigan's collective

---

[5] According to Defendant, it may have a record that one of the opt-in Plaintiffs also signed an arbitration agreement.  Defendant has not yet produced it.  (Bailey Decl. ¶ 5.)

allegations. *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884, 2011 WL 1772401, at *5 (D. Colo. May 10, 2011) ("The court finds no procedure or authority under 9 U.S.C. § 4 to compel putative class members, who are not currently before the court and, because a class has not yet been certified, have not even received notice of the litigation, to arbitrate their potential claims against Defendants. A motion to compel arbitration is clearly not the avenue for relief Defendants seek.").

The appropriate course of action is for the case to proceed as presently pled, for Plaintiffs to file a motion for collective action treatment, and (if granted) to disburse notice to the putative collective. *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305, Slip Op., at *2 (S.D.N.Y. Oct. 29, 2013) (attached hereto as Ex. C) (allowing notice be disbursed to all putative collective members regardless of defendant's assertion that some signed arbitration agreements); *accord Rafeedie v. L.L.C.*, Inc., No. 10-00743, Slip Op. (W.D. Tex. May 9, 2011) (attached hereto as Ex D).

Once opt-in Plaintiffs are identified, the parties can coordinate the stay of the claims for any opt-ins who are subject to arbitration. *See Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 811 (S.D. Tex. 2003) (holding arbitration agreement did not preclude certification and the sending of notice and stating "These arguments will be addressed in due course once the identity of potential

7

class members is determined"); *accord Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508, *4 (S.D. Tex. Dec. 22, 2009); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 818–19 (W.D. Mo. 2005) (following *Villatoro*).

A ruling on Plaintiffs' collective action allegations at this time is premature, but Plaintiffs are not prevented from moving for collective action certification simply because Defendant produced an arbitration agreement with a class waiver for one of the named-Plaintiffs.

IV) **THERE IS NO REASON TO DELAY DISCOVERY.**

Plaintiff Payne has agreed to stay her claims and submit to arbitration. There is no reason to delay discovery for Plaintiff Journigan and the putative collective. A delay in discovery could adversely impact the claims of the putative plaintiffs to whom Plaintiff Payne seeks to send notice of this action.

Time is of the essence in conducting discovery and bringing a motion for conditional certification in an FLSA action. "In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit." *Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011); *see also Glatt v. Fox Searchlight Pictures Inc.*, No. 11 CIV. 6784, 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (granting plaintiffs' motion for equitable tolling because the court's overburdened docket

caused it to delay in delay its decision on Plaintiffs' motion for conditional certification, which impacted the claims of persons who may not even know that the action existed). Thus, the delay Defendant requests is not only unnecessary, but is potentially harmful to persons who may seek to join the lawsuit upon receiving notice. The Court should deny this request.

## CONCLUSION

Those entertainers who signed arbitration agreements will proceed with their claims in arbitration while those who did not will proceed in court. As required by the FAA and the majority in this circuit, the Court should (1) stay Plaintiff Payne's claim pending arbitration, (2) permit Plaintiff Journigan to proceed with her putative collective action, and (3) develop a process—such as the one proposed by Plaintiff—whereas the claims of those individuals who opt into this action and who also signed arbitration agreements can be stayed pending arbitration.

Accordingly, Plaintiffs respectfully request that the Court stay Plaintiff Payne's claims pending arbitration and deny the remainder of Defendant's motion.

Respectfully,

Dated:  May 22, 2014           **NICHOLS KASTER, PLLP**

/s/Rebekah L. Bailey
Michele R. Fisher, GA Bar No. 76198

9

Anna Prakash, MN Bar No. 0351362*
Rebekah L. Bailey, MN Bar No. 0389599*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
fisher@nka.com
prakash@nka.com
bailey@nka.com
*admitted pro hac vice*

**MAYS & KERR, LLC**
Jeff Kerr, GA Bar No. 634260
Craig Nydick, GA Bar No. 760565
235 Peachtree St. NE #202
Atlanta, GA 30303
Telephone: (404) 410-7998
Fax: (404) 855-4066
jeff@maysandkerr.com
craig@maysandkerr.com

**ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE**

10

## CERTIFICATE OF TYPEFACE COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel certifies that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

Dated:  May 22, 2014                    /s/ Rebekah L. Bailey
                                        Rebekah L. Bailey

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

## CERTIFICATE OF SERVICE

*Payne, et al. v. WBY, Inc. d/b/a The Follies*,
**Court File No.: 1:14-cv-00913-SCJ**

    I hereby certify that on May 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically email notification to the following attorneys of record:

Bennet D. Alsher
Ford & Harrison LLP
271 17th Street, NW
Suite 1900
Atlanta, GA 30363
Telephone: (404) 888-3852
Fax: (404) 832-8702
balsher@fordharrison.com


Dated:  May 22, 2014                        /s/ Rebekah L. Bailey
                                                    Rebekah L. Bailey