IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIARA PAYNE and KRISTIN JOURNIGAN, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WBY, INC., d/b/a THE FOLLIES,<br><br>Defendant. | CIVIL ACTION NO.:<br>1:14-cv-00913-SCJ |

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW Defendant WBY, Inc., d/b/a The Follies (hereafter "Defendant"), and pursuant to Local Rule 26.1, hereby makes the following Initial Disclosures.

1.  **If the Defendant is improperly identified, state Defendant's correct identification and state whether the Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

RESPONSE: Not applicable.

2.  **Provide the names of any parties whom the Defendant contends are a necessary party to this action, but who have not been named by the**

**Plaintiff.  If the Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

RESPONSE:  None.

3.      **Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by Defendant in the responsive pleading.**

RESPONSE:

The named Plaintiffs have sued under the theory that they and the prospective class members were and/or are employees pursuant to the Fair Labor Standards Act ("FLSA"), and are therefore entitled to minimum wage payments under 29 U.S.C. § 206, as well as overtime premiums pursuant to 29 U.S.C. § 207. Defendant contends that Plaintiffs have been properly classified and that Plaintiffs are independent contractors, not employees.  Defendant contends that all of the named Plaintiffs and opt-ins are bound by an Arbitration Policy that requires them to bring claims under the FLSA in arbitration, rather than in court.  Moreover, the named Plaintiffs are not similarly situated to other independent contractors with regard to such matters as the compensation received for their services, the number of hours they performed, and their supervisors.  Defendant has filed a motion to compel arbitration.  Plaintiffs have responded, and Defendant has replied.   This

case must be dismissed pending resolution of the Plaintiffs' claims in arbitration and discovery must be stayed pending resolution of the Plaintiffs' claims in arbitration.

4. **Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.**

RESPONSE:  Defendants identify the Fair Labor Standards Act, 29 U.S.C. 201 et seq. generally, as well as 29 U.S.C. § 203 (d) (definition of employer), 29 U.S.C. § 203 (e) (definition of employee), and interpretive case law.  Defendant also relies upon the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. and interpretive case law to support its motion to compel arbitration.  The foregoing is not intended to be exhaustive, and Defendant reserves the right to supplement this response as necessary.

5. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.**

RESPONSE:

(1) Steven Shine c/o Ford & Harrison LLP, 271 17th St., N.W., Suite 1900,

Atlanta, Georgia 30363.  Mr. Shine is likely to have discoverable information regarding Plaintiffs' independent contractor status, the allegations contained in Plaintiffs' Complaint, and Defendant's relevant policies and procedures, including the Arbitration Policy.

(2)     Steve Youngelson, c/o Ford & Harrison LLP, 271 17th St., N.W., Suite 1900, Atlanta, Georgia 30363.  Mr. Youngelson is likely to have discoverable information regarding Plaintiffs' independent contractor status, the allegations contained in Plaintiffs' Complaint, and Defendant's relevant policies and procedures, including the Arbitration Policy.

Defendant reserves the right to supplement this witness list as additional witnesses are identified or ascertained through discovery or investigation.

6.     **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

RESPONSE:  No experts have been identified at this time.  Defendant reserves the right to supplement this response.

7.     **Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody,**

**or control that are relevant to disputed facts alleged with particularity in the pleadings.**

RESPONSE:

(1) Named and Opt-in Plaintiffs' independent contractor agreements with Defendant.

(2) Various documents related to named and opt-in Plaintiffs' work at The Follies, including permits, independent contractor agreements, records of hours worked, and Arbitration Policy.

(3) All documents produced by Plaintiff in response to discovery.

8. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.**

RESPONSE: Not applicable at this time. Defendant reserves the right to seek costs as a prevailing party, including attorneys' fees. Such costs and fees cannot be determined at this time.

9. **If the Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or the Defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

<u>RESPONSE</u>:  Not applicable.

10. **Attach for inspection and copying as under <u>Fed. R. Civ. P.</u> 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

<u>RESPONSE</u>:  Not applicable.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant certify that foregoing has been prepared in Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

- 7 -

Respectfully submitted this 6th day of June, 2014.

*s/ Bennet D. Alsher*
Bennet D. Alsher
Georgia Bar No. 013682
FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, Georgia  30363
Telephone:  (404) 888-3852
Facsimile:   (404) 832-8702
balsher@fordharrison.com


Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIARA PAYNE and KRISTIN JOURNIGAN, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WBY, INC., d/b/a THE FOLLIES,<br><br>Defendant. | CIVIL ACTION NO.:<br>1:14-cv-00913-SCJ |

## CERTIFICATE OF SERVICE

I certify that on June 6, 2014, I electronically filed the foregoing **DEFENDANT'S INITIAL DISCLOSURES**, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the attorneys of record.

FORD & HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, GA  30363
Telephone: (404) 888-3852
Facsimile:  (404) 832-8702

*/s/ Bennet D. Alsher*
Georgia Bar No. 013682

Attorney for Defendant

WSACTIVELLP:6852986.1