**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TIARA PAYNE and KRISTIN JOURNIGAN, individually and on behalf of all other similarly situated individuals, | ) ) ) ) | |
| | ) | Civil Action No. 1:14-cv-00913-SCJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) | |
| WBY, INC. d/b/a THE FOLLIES, | ) ) | |
| Defendant. | | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant WBY, INC. d/b/a THE FOLLIES (hereinafter "Defendant"), by and through its undersigned counsel, answers the numbered paragraphs of the Complaint filed by Plaintiffs TIARA PAYNE and KRISTIN JOURNIGAN (hereinafter "Plaintiffs") and sets forth its Statement of Defenses as follows:

## JURISDICTION AND VENUE

1.      With regard to Paragraph 1, Defendant admits that Plaintiffs purports to bring claims under the Fair Labor Standards Act 29, U.S.C. § 201, *et seq.* ("FLSA).

2.     With regard to Paragraph 2, Defendant denies that jurisdiction and venue is proper in this Court as Plaintiffs and many of the purported Collective signed valid arbitration agreements with Defendant.

Defendant denies that it committed any unlawful conduct and denies all remaining allegations not specifically admitted herein.

## PARTIES

3.     With regard to Paragraph 3, Defendant admits that it is a corporation with a principal place of business in Atlanta, Georgia.   Defendant denies all remaining allegations.

4.     With regard to Paragraph 4, Defendant admits that Plaintiff Payne was an entertainer who provided services at its establishment pursuant to an independent contractor agreement.   Defendant is without knowledge sufficient to admit or deny Plaintiff Payne's county of residence.   Defendant denies all remaining allegations.

5.     With regard to Paragraph 5, Defendant admits that Plaintiff Journigan was an entertainer who provided services at its establishment pursuant to an independent contractor agreement.   Defendant is without knowledge sufficient to admit or deny Plaintiff Journigan's county of residence.   Defendant denies all remaining allegations.

3695758v.1

6.     With regard to Paragraph 6, Defendant admits that Plaintiffs have submitted the referenced consent forms.   Defendant is without knowledge sufficient to admit or deny the remaining allegations and therefore denies same.

## FACTS

7.     With regard to Paragraph 7, Defendant re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.

8.     With regard to Paragraph 8, Defendant admits that Plaintiffs performed services in its establishment as entertainers pursuant to an agreement entered into between the Plaintiffs and the Defendant.   Defendant is without knowledge sufficient to admit or deny whether the Collective also performed services as an entertainer and therefore denies same.

9.     With regard to Paragraph 9, Defendant denies these allegations.

10.     With regard to Paragraph 10, Defendant denies that this is the legal classification for its business, but admits that entertainers perform services in the nude in its establishment.

11.     With regard to Paragraph 11, Defendant denies these allegations.

12.     With regard to Paragraph 12, Defendant admits these allegations.

13.     With regard to Paragraph 13, Defendant admits that in the course and scope of its business, it provides a stage, furniture, lighting, sanitation and music for customer and entertainer usage.   Defendant is without knowledge sufficient to

3

admit or deny where the furniture and décor are manufactured and therefore deny remaining allegations.

14.     With regard to Paragraph 14, Defendant admits these allegations.

15.     With regard to Paragraph 15, Defendant admits that, during certain hours, customers pay an admission for entry.   Defendant denies that customers always are required to pay for entry.   Defendant further denies that entertainers perform services at its direction or control.

16.     With regard to Paragraph 16, Defendant denies these allegations, with the specific responses as follows:

a.     Denies hiring and firing entertainers.  Entertainers contract with Defendant to perform their services in its establishment.

b.     Admits that entertainers sign in when performing services in Defendant's establishment for numbers and safety purposes.  Denies having any scheduled shifts.

c.     Denies these allegations.

d.     Admits that it sets a fee for customers to enter the VIP area. Denies that it takes any revenue from entertainers for VIP services.

e.     Denies these allegations.

f.     Denies these allegations.

g.     Denies these allegations.

h.     Denies these allegations.

i.     Admits that signatures are required on "see ya passes" to ensure an accurate count of individuals in the establishment and for the safety of the entertainers.

4

17.   With regard to Paragraph 17, Defendant admits that any communications to the entertainers may be made through postings, handouts or direct communications.  Defendant denies the remaining allegations.

18.   With regard to Paragraph 18, Defendant denies these allegations.

19.   With regard to Paragraph 19, Defendant admits that it has the authority to remove anyone from its premises who violates the law.  Defendant denies the remaining allegations.

20.   With regard to Paragraph 20, Defendant denies these allegations.

21.   With regard to Paragraph 21, Defendant admits that the entertainers are not employees, in accordance with the agreements entered into by the parties. Defendant denies the remaining allegations.

22.   With regard to Paragraph 22, Defendant denies these allegations.

23.   With regard to Paragraph 23, Defendant admits that it does not pay entertainers any "wages."   Defendant denies that there is any entitlement to payment of wages as the entertainers are not employees of the Defendant.

24.   With regard to Paragraph 24, Defendant admits that entertainers pay rent in accordance with the party's agreements related to the use of the premises by Plaintiffs.  Defendant denies that any other fees are required to be paid by the entertainers.

3695758v.1

25.     With regard to Paragraph 25, Defendant admits that entertainers pay an agreed upon "fee" in the form of rent when the entertainer chooses to perform in its establishment in accordance with the agreement of the parties.   Defendant denies having any scheduled shifts.

26.     With regard to Paragraph 26, Defendant denies these allegations.

27.     With regard to Paragraph 27, Defendant denies these allegations.

28.     With regard to Paragraph 28, Defendant denies these allegations.

29.     With regard to Paragraph 29, Defendant denies these allegations.

30.     With regard to Paragraph 30, Defendant denies these allegations.

31.     With regard to Paragraph 31, Defendant denies these allegations.

32.     With regard to Paragraph 32, Defendant admits that it requires entertainers to pay a "fee" in the form of rent for Plaintiffs' use of the premises, in accordance with the agreement of the parties.   Defendant does not track or retain any portion of the entertainers' tips, so it is without knowledge sufficient to admit or deny whether any entertainer(s) paid such "fee" when the entertainer(s) had not earned tips sufficient to cover the charge.   Defendant denies the remaining allegations.

33.     With regard to Paragraph 33, Defendant denies these allegations.

34.     With regard to Paragraph 34, Defendant states that the cited case law speaks for itself.   Defendant denies that these cases are reflective of the

circumstances presented in the present case as each case is determined based upon its own individualized set of facts.

35.     With regard to Paragraph 35, Defendant admits that the entertainers who do business at its establishment are required to conduct business as non-employees and sign an agreement with the club to perform as entertainers. Defendant denies that this practice was initiated solely in response to pending or prior litigation against its competitors.

36.     With regard to Paragraph 36, Defendant denies these allegations.

## COLLECTIVE ACTION ALLEGATIONS

37.     With regard to Paragraph 37, Defendant re-alleges and incorporates its responses to the above paragraphs as if fully set forth herein.

38.     With regard to Paragraph 38, Defendant denies these allegations.

39.     With regard to Paragraph 39, Defendant admits that Plaintiffs purport to establish a Collective action.  Defendant denies that the putative Collective is proper.

## COUNT ONE
### MINIMUM WAGE VIOLATION
### Fair Labor Standards Act 29, U.S.C. § 201, *et seq*.

40.     With regard to Paragraph 40, Defendant re-states and incorporates its responses to the above paragraphs as if fully set forth herein.

41.     With regard to Paragraph 41, Defendant states that 29 U.S.C. § 206 speaks for itself and no response is required.

42.     With regard to Paragraph 42, Defendant states that 29 C.F.R. § 531.35 speaks for itself and no response is required.

43.     With regard to Paragraph 43, Defendant admits these allegations.

44.     With regard to Paragraph 44, Defendant denies these allegations.

45.     With regard to Paragraph 45, Defendant admits that it did not pay Plaintiffs or the Collective any "wages."  Defendant denies that there is any entitlement to payment of wages as to Plaintiffs and/or the Collective.

46.     With regard to Paragraph 46, Defendant denies these allegations.

47.     With regard to Paragraph 47, Defendant denies these allegations.

48.     With regard to Paragraph 48, Defendant denies these allegations.

49.     With regard to Paragraph 49, Defendant denies these allegations.

50.     With regard to Paragraph 50, Defendant denies these allegations.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiffs are entitled to any damages or other relief sought in any Court or in the WHEREFORE clause immediately following Paragraph 50 of the Complaint, and including subparagraphs (a) through (k).

## AFFIRMATIVE AND OTHER DEFENSES[1]

Defendants hereby assert the following affirmative and other defenses:

1.     The Complaint fails to state a claim for which relief can be granted.

2.     Some or all of the claims of the putative class are barred by the existence of an arbitration agreement entered into between the putative class member and the Defendants that requires arbitration of the putative class member's claim on an individual basis.

3.     Plaintiffs [2] have failed to plead a *prima facie* case arising under the FLSA.

4.     Plaintiffs' claims are barred in that they performed as entertainers at Defendants' business establishments and entered into oral and/or written agreements with Defendants agreeing that the business relationship was not that of an employer/employee.  Therefore, no putative class members were employees of Defendants.

5.     Defendants are entitled to any and all offsets and set-offs permitted by law or in equity.

---

[1] By asserting a matter as a defense, Defendants do not intend to assume any burden of persuasion on any matter for which Plaintiffs would otherwise have the burden.  Rather, these matters are pled in order to avoid any allegations of waiver.

[2] The term "Plaintiffs" as used within these Affirmative and other Defenses includes claims of the alleged putative collective class.

9

6.     Plaintiffs' claims are barred because the Plaintiffs and any putative class members who performed as entertainers did so as tenants and/or independent contractors and therefore the provisions of the FLSA apply to Plaintiffs' claims.

7.     Plaintiffs' claims are barred to the extent the Plaintiffs lack standing to pursue these claims.

8.     Plaintiffs' claims are barred as they were the first breaching party.

9.     Plaintiffs' claims are barred due to the doctrine of accord and/or satisfaction.

10.    Plaintiffs' claims are barred due to doctrine of unclean hands and Plaintiffs' violation(s) of the implied covenants of good faith and fair dealing.

11.    Plaintiffs' claims are barred to the extent that they failed to mitigate their damages and/or use reasonable care to prevent damages, including, but not limited to acceptance of the offer of employment tendered to them by Defendants.

12.    Plaintiffs' claims are barred to the extent that they have waived the right of recovery.

13.    Some or all of Plaintiffs' claims are barred due to the applicable statute of limitations.

14.    Defendants are entitled to any and all offsets and/or set offs permissible by law.

15.    Plaintiffs' claims are barred due to the statute of frauds.

16.    Plaintiffs' claims are barred due to the doctrine of payment.

17.    Plaintiffs' claims are barred due to the *de minimis* rule.

18.    Plaintiffs' claims are barred due to the absence of an employment relationship between Plaintiffs and Defendants.

19.    Plaintiffs' claims are barred due to the artistic professional exemption or other statutory exemptions to the FLSA and/or state law.

20.    Plaintiffs' claims are barred because money collected from the sale of dances were not a tip or gratuity, but rather were a mandatory service charge, and therefore may be used to offset wages claimed by Plaintiff.

21.    Plaintiffs' claims are barred because they consented to or requested the benefit of nonemployee status.

22.    Plaintiffs' claims, including some or all of their alleged damages, are barred as Defendants acted in good faith and without willfulness.

23.    Plaintiffs' claims are barred by the doctrine of laches and/or waiver based upon their own course of conduct.

24.    Plaintiffs' claims are barred as Plaintiffs earned more than minimum wage, and neither the FLSA nor state law provide a remedy for the mere act of misclassification.

3695758v.1

25.    Plaintiffs' claims are barred in that the FLSA does not apply to independent contractors and/or tenants who work for their own advantage on the premises of Defendants.

26.    Plaintiffs' claims are barred due to their own failure to conform to the obligations of employees.

27.    Plaintiffs' claims are barred by the lack of standing on the part of Plaintiffs and an actual case in controversy.

28.    Plaintiffs' collective claims are barred to the extent they seek to assert collective action claims on behalf of individuals who have waived the right to assert such claims.

29.    Defendants reserve the right to supplement these Affirmative Defenses as additional information becomes known through the course of discovery.

## **JURY DEMAND**

To the extent that any Plaintiff or member of the collective is not subject to a valid agreement to arbitrate their claims, Defendant demands a trial by jury of any such claim so triable in law or in equity.

WHEREFORE Defendant respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice, that judgment be entered in its favor and against Plaintiffs, and that the Court award Defendant such other relief as it deems

appropriate.

DATED this 15th day of December, 2015.

Respectfully submitted,

/s/*Tamika R. Nordstrom*
Tamika R. Nordstrom (# 582784)
tnordstrom@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., NW, Suite 2400
Atlanta, Georgia  30303
Telephone:  404-525-8622
Facsimile:   404-525-6955

Erica V. Mason (# 14986)
*emason@constangy.com*
Constangy, Brooks, Smith & Prophete, LLP
230 Peachtree St., NW, Suite 2400
Atlanta, Georgia  30303
Telephone:  404-525-8622
Facsimile:   404-525-6955

Allan Stephen Rubin
*rubina@jacksonlewis.com*
Jackson Lewis, P.C.
2000 Town Center
Southfield, MI 48075
Telephone:  248-936-1900
Facsimile:   248-936-1901
* *admitted pro hac vice*

Eric R. Magnus (Ga. # 801405)
*magnuse@jacksonlewis.com*
Erin J. Krinsky (Ga. # 862274)
*erin.krinsky@jacksonlewis.com*
Jackson Lewis, P.C.
1155 Peachtree Street, N.E., Suite 1000
Atlanta, GA 30309-3600
Telephone:  404-525-8200

Facsimile:    404-525-1173

Attorneys for Defendant
WBY, INC. d/b/a THE FOLLIES

3695758v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2015, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the following attorneys of record:

Jeff Kerr                                        Nichols Kaster, PLLP
Craig Nydick                                  Michele R. Fisher
235 Peachtree Street, NE, #202      Anna Prakash
Atlanta, GA 30303                          Rebekah L. Bailey
                                                     4600 IDS Center, 80 South 8th Street
                                                     Minneapolis, MN 55402


                                          */s/Tamika R. Nordstrom*
                                          Tamika R. Nordstrom

3695758v.1