IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KRISTIN JOURNIGAN individually and on behalf of all other similarly situated individuals,**<br><br>   **Plaintiffs,**<br><br>v.<br><br>**WBY, INC. d/b/a THE FOLLIES,**<br><br>   **Defendant.** | **CIVIL ACTION FILE NO.**<br><br>**1:14-cv-00913-SCJ** |

## ORDER

This matter appears before the Court on its Order to Show Cause (Doc. No. [107]) as entered on February 8, 2018. Therein, the Plaintiffs were ordered to show cause within ten (10) days why this matter should not be dismissed for want of prosecution pursuant to Local Rule 41.3A(3). Prior to its Order to Show Cause (Doc. No. [107]), there had been no filings nor any other substantive action since May of 2017. The parties filed a Joint Response to Order to Show Cause (Doc. No. [108]) on February 20, 2018. In the response, the parties requested that

the Court instruct the Clerk of Court to dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)[1] because the parties have reached an agreed-upon resolution of the claims before the Court.

Regarding unpaid wage claims arising under the Fair Labor Standards Act ("FLSA"), there are only two ways in which these claims can be settled or compromised by employees. First, section 216(c) of the FLSA authorizes the

---

[1] Said rule provides in relevant part:

> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff.
>
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

2

Secretary of Labor to supervise the payment of unpaid wages by the employer to the employee. 29 U.S.C. § 216(c). If the employee accepts this payment, the employee thereby waives his or her claims under the FLSA. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and waive his or her FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the settlement. 29 U.S.C. § 216(b); Lynn's Food Stores, 679 F.2d at 1353. In approving the settlement, the district court must "scrutiniz[e] the settlement for fairness" and ultimately conclude that the settlement "is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1353, 1355.

Having established the two ways through which FLSA claims can be settled or compromised by employees, the question is whether the settlement in question has met either category. The agreement between the parties was not made under the supervision of the Secretary of Labor, so it is valid only if the district court entered a stipulated judgment approving it. The undersigned

3

district judge has not entered a stipulated judgment approving the settlement. Instead, the United States Bankruptcy Court in the Northern District of Georgia approved the settlement agreement. Notably, neither of the two recognized categories for settlement of FLSA claims grants a bankruptcy court the authority to approve proposed settlements. Thus, it is clear that the settlement agreement does not fall into either of the recognized categories for settlement of FLSA claims.[2]

Even if the proposed settlement had been presented to the undersigned district judge pursuant to section 216(b) of the FLSA, the Court would have declined to enter a stipulated judgment accepting the proposed settlement because its terms are unfair and not reasonable under the circumstances. The principal purpose of the FLSA is to protect "workers from substandard wages and oppressive working hours." Lynn's Food Stores, 679 F.2d at 1352 (citing Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981)). Under the proposed settlement agreement, the employees are to be paid "an amount equal

---

[2] Cf. Baughman v. Roadrunner Commc'ns, LLC, No. CV-12-565-PHX-SMM, 2015 WL 13117717, at *1 (D. Ariz. May 20, 2015) (scrutinizing and ultimately approving a proposed FLSA settlement agreement at the district court level after the bankruptcy judge held a successful settlement conference).

4

to Ten Percent (10%) of their allowed claims." See Doc. No. [108], Ex. A. This low of a percentage constitutes "substandard wages," meaning the proposed settlement defeats the purpose of the FLSA.

"Accordingly, the Court concludes that the parties in this case may not stipulate to dismissal of the case without a court order pursuant to Rule 41(a)(1). Instead, the case 'may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper,'" pursuant to Rule 41(a)(2). Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 658 (S.D. Ala. 2013) (citing Wolinsky v. Scholastic, Inc., 900 F.Supp.2d 332 (S.D.N.Y.2012)). The Court will so construe the parties' request for dismissal. See Hoben v. Lightning Elec. of Cent. Fla., Inc., No. 613CV802ORL37KRS, 2014 WL 12625439, at *1 (M.D. Fla. Mar. 18, 2014) ("Thus, the Court concludes that the Rule 41(a)(1)(A)(ii) stipulation filed in this action is not effective. Nevertheless, the Court will construe the stipulation as a joint motion under Rule 41(a)(2) . . . .")

"Dismissal on motion of the plaintiff pursuant to Rule 41(a)(2) is within the sound discretion of the district court . . . ." McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986). Even in the absence of a Rule 41(a)(2) dismissal, the Eleventh Circuit has held that a "district court has the 'inherent authority to

5

control its docket and ensure the prompt resolution of lawsuits.'" <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015)).

Because the parties have demonstrated their actions in prosecuting this case through engaging in settlement negotiations, the Court will not dismiss the case for lack of prosecution or otherwise disturb the settlement agreement.[3] The Court will, instead, enter a Rule 41(a)(2) dismissal of this case without prejudice, as the Court deems such term proper under the circumstances of an FLSA settlement that was not approved by the district judge.

The Court recognizes that the parties provided a list of opt-in Plaintiffs in their Proposed Order of Dismissal (Doc. No. [108-20]). However, after the Court conducted its own review of the record, the Court found discrepancies between that list and the Consent Forms (Doc. No. [108-4]). Based on the Consent Forms, the Court finds there to be sixty-six (66) opt-in Plaintiffs that are now subject to dismissal without prejudice. Accordingly, Plaintiff's case and the sixty-six opt-in

---

[3] <u>Cf.</u> <u>Gao v. Perfect Team Corp.</u>, 249 F.Supp.3d 636, 638-40 (E.D.N.Y. 2017) (declining to disturb a settlement agreement that had been approved by the bankruptcy judge despite the parties' failure to obtain approval from the Department of Labor or the district court).

Plaintiffs (named in the attached Appendix) are hereby **DISMISSED WITHOUT PREJUDICE** to refile.  Cf. Mickles v. Country Club Inc., 887 F.3d 1270 (11th Cir. 2018) (discussing how to properly dismiss opt-in plaintiffs).

Regarding Plaintiffs Andrea Williams and Soraya Barker, the Court recognizes that their circumstances are different from Plaintiff and the other sixty-six opt-in plaintiffs, as Plaintiff's counsel has withdrawn from representation of Plaintiff Williams, and Plaintiff Barker has obtained new counsel (Doc. No. [108], p. 7, n.2). Accordingly, Plaintiffs Williams and Barker are hereby **DISMISSED WITHOUT PREJUDICE** to refile solely under the Court's inherent authority.

**IT IS SO ORDERED** this 13th day of February, 2019.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

# APPENDIX

The following opt-in Plaintiffs are dismissed from this action without prejudice to re-file:

1. Tara L. Allen
2. Sara Asenjo
3. Syreeta Ballard
4. DeShaun Bennett
5. Romae Kimberly Bisnott
6. Xica Brewer
7. Ashley Nicole Briscoe
8. Tricia Brittain
9. Jasmine Brodie
10. Bianca Brunetti
11. Lauren A. Buck
12. Quanna L. Clinkscale
13. Allison J. Colin
14. Channing Collins
15. Alicia Correia
16. Marian De Jesus
17. Story Dean
18. Tanesha Dedier
19. Amy Dexa
20. Tiffany Donahue
21. Lynne Warnicke Donaghey
22. Joanne Ginoris
23. Joycelyn Glenn

24. Christina Goodwin
25. Gina L. Granat
26. Verinqua Grier
27. Tulethia Hambrick
28. Elizabeth Harris
29. Deresa Haydon
30. Shiekka Hereford
31. Saria Resha Hickman
32. Andrea Howard
33. Marcie Mae Huggard
34. Andrea N. Ingram
35. Amber S. Jefferson
36. Kesha Johnson
37. Kristen Jones
38. Tiffiny Jones
39. Kristin Journigan
40. Cristina Kellogg
41. Ciara N. Kirksey
42. Whitney Lancaster
43. Angie Lance
44. Danielle Layssard
45. Tara Lester
46. Simone McCoy
47. Lakeshia L. McNulty
48. Whitney K. Miller
49. Josenia Molina

50. Lydia Parvanta
51. Iyonna Patillo
52. Lizbeth Pena
53. Muhammadar Ameena Reddick
54. Joy Vanessa Richardson
55. Laura Lee Rodgers
56. Kierra Rose
57. Shandida Sampson
58. Claire Shepard
59. Allyson Shepard
60. Christa Small
61. Autumn M. Smith
62. Darrien Thomas
63. Bianca Turner
64. Lekesha Watkins
65. Brandi Williams
66. Kira Wright